UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERT W. BLOCK, JR., ET AL.** | **CIV. ACTION NO. 3:22-02746** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **REAL TIME RESOLUTIONS, INC., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions: 1) a motion to remand [doc. # 13] filed by Plaintiffs Albert Block, Jr. and Claudia Block; and 2) a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 20] filed by Defendant, Elizabeth Crowell Price. For reasons assigned below, it is recommended that the motion to remand be granted, and that the motion to dismiss be denied, without prejudice.

## Background

On July 21, 2022, Plaintiffs Albert Block, Jr. and Claudia Block (collectively, the "Blocks") filed the instant petition for damages against Defendants Real Time Resolutions, Inc. ("RTR") and Elizabeth Crowell Price ("Price") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. (Petition). The Blocks allege that "[t]his action is for violation of the prohibitions and provisions of the Louisiana Unfair Trade Practices Act,[1] La. R.S. 51:1401 et seq.," and seek damages exclusively thereunder. (Petition, ¶¶ 4, 67-68). The Blocks state that RTR engaged in a continuous pattern of unfair and deceptive practices on four occasions that culminated with the August 6, 2021 filing of an "Intervention to Withdraw Excess

---

[1] Hereinafter referred to as the "LUTPA."

Sheriff's Sale Proceeds," in the matter of *Albert W. Block, Jr. and Claudia Block v. Capital One, N.A., et al*, No. 2021-0969 (4th JDC).  *Id.*, ¶ 7.

Succinctly restated, the Blocks itemized the four acts of unfair and deceptive practices, as follows,

1) Prior to July 8, 2020, RTR made a derogatory report to Equifax about a remaining balance of $121,598.00 on a real estate mortgage that transgressed provisions of the Fair Debt Collection Practices Act, 15 U.S.C. 1692e(2)(A) ("FDCPA"), which, in turn, represents a violation of the LUTPA.  (Petition, ¶¶ 8-19).

2) After a demand was received by Equifax on December 2, 2020, for deletion of the derogatory report, RTR, as furnisher of the information, was required to conduct a reinvestigation for the disputed report under the Fair Credit Report Act ("FCRA"). (Petition, ¶¶ 20-28).  RTR modified the report to reference a promissory note but otherwise failed to identify the alleged debt as legally unenforceable, which represents a violation of the LUTPA.  *Id*.

3) On February 5, 2021, RTR issued a Form 1099-C[2] identifying itself as the reporting creditor, with the Blocks as the debtors, for the sum of $200,000, "a total of the two Forms issued to each Plaintiff in the full amount of the alleged discharged debt." (Petition, ¶¶ 29-34).  According to the Blocks, however, RTR was the debt collector, not the creditor, which was Capital One, N.A.  *Id*.  Consequently, RTR could not

---

[2] "Internal Revenue Code requires creditors to file a Form 1099-C when they have discharged a person's debt of at least $600.00 in the calendar year."  *Henderson v. Truist Bank*, Civ. Action No. 22-0341, 2022 WL 17417167, *4–5 (E.D. Va. Dec. 5, 2022) (citing 26 C.F.R. § 1.6050P–1(a)).

2

cancel a debt not owed to it or submit an information return alleging the discharge of double the amount of the original promissory note. *Id*. The Blocks contend that RTR took this action in retaliation for their having filed a suit against RTR for violation of the FDCPA and the FCRA. *Id*.

4) RTR, in concert with its attorney, Price, filed an intervention in the *Albert W. Block, Jr. and Claudia Block v. Capital One, N.A., et al*, No. 2021-0969 (4th JDC) matter, and obtained an order authorizing payment to RTR of $31,468.06 in surplus funds from the court's registry, despite the fact that the Blocks already had obtained a final judgment on June 16, 2021, declaring them to be the owners of the surplus funds. (Petition, ¶¶ 35-66). The Blocks assert that the intentional filing of the intervention and a proposed *ex parte* order that vacated the prior judgment in their favor constitutes an abuse of process and an unfair trade practice within the meaning of the LUTPA. *Id*.

On August 16, 2022, Price removed this suit to federal court on the twin grounds of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331 and 1332. (Notice of Removal). For purposes of diversity, Price asserted that, according to the Petition, the Blocks were "citizens of Texas but domiciliaries of Louisiana."[3] *Id*. She further asserted that RTR was a Texas corporation, with its principal place of business in Texas, and that Price was a citizen of Mississippi.[4] *Id*. With regard to federal question jurisdiction, Price stated that the Petition sets

---

[3] The Blocks alleged that they are "residents" of Texas, and previously were "residents" of Louisiana, but remain Louisiana "domiciliaries." (Petition, ¶ 1).

[4] The Blocks alleged that Price is a Louisiana domiciliary. (Petition, ¶ 2).

3

forth violations of the FDCPA, which is a claim that arises under the laws of the United States. *Id*.

The Blocks dispute both bases for Price's invocation of federal jurisdiction, and, on September 16, 2022, filed the instant motion to remand the case to state court for lack of subject matter jurisdiction. In support of their motion, the Blocks alleged that, although they consider themselves to be Louisiana domiciliaries, they have a fixed residence in Texas, where they intend to remain indefinitely. (M/Remand, pg. 7.). Therefore, because the Blocks and RTR are all Texas citizens, the parties are not completely diverse as required for the exercise of diversity jurisdiction. The Blocks further argued that there is no federal question jurisdiction in this case because they exclusively asserted a Louisiana state law claim under the LUTPA, and their citation to federal laws or regulations in the Petition does not represent an essential element of their claim.

On September 20, 2022, Price filed a response to the motion to remand wherein she emphasized that the Blocks' arguments were contradicted by the allegations in their Petition. [doc. # 16]. She also maintained that she was a citizen of Mississippi for purposes of diversity. *Id*. Price filed an opposition memorandum on September 22, 2022, in which she restated many of the same points that she raised in her response filed just two days earlier. [doc. # 19].

On September 22, 2022, Price also filed a motion to dismiss for failure to state a claim upon which relief can be granted whereby she argued that the Blocks had no viable claims against her under state law, and that they failed to allege facts to show that she had violated the FDCPA or the FCRA. On October 5, 2022, the Blocks obtained an extension of time to file their response to the motion to dismiss until after the pending motion to remand is resolved.

4

[doc. #s 24-25].

Meanwhile, the Blocks did not file a reply brief in support of their motion to remand, and the time to do has passed. *See* Notice of Motion Setting [doc. # 18]. Accordingly, the matter is ripe.

## Analysis

Federal law authorizes the defendant(s) to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

As recited earlier, Price invoked this court's subject matter jurisdiction via diversity and federal question. The court will address each jurisdictional basis, in turn.

**I.    Diversity**

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). In other words, no party on one side of a case may be a citizen of the same state as any party on the other side. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted). "In cases removed from state

court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted).

It remains uncontroverted that RTR is a citizen of Texas for purposes of diversity. *See* Petition and Notice of Removal; 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business). Therefore, whether or not the Blocks were/are Texas citizens is critical to diversity jurisdiction.

To be considered a citizen of a state under § 1332, a natural person must be both a citizen of the United States and a domiciliary of that state. *Mas*, 489 F.2d at 1399 (citations omitted). Thus, for purposes of diversity, "citizenship means domicile; mere residence in the State is not sufficient." *Id.* (citations omitted). Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . ." *Mas*, 489 F.2d at 1399 (citations and internal quotation marks omitted). "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . ." *Coury*, 85 F.3d at 250 (citations omitted). A party attempting to show a change in domicile assumes the burden of going forward on that issue. *Id*. Nevertheless, as always, the ultimate burden of establishing jurisdiction rests with the party invoking federal jurisdiction. *Id.*

In determining a party's domicile, the court must address a variety of factors; no individual factor is determinative. *Coury, supra*. The relevant factors include, but are not limited to, "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."

6

*Coury, supra*, (citations omitted).

As stated above, the Blocks alleged in the Petition that they are "residents" of Texas, and previously were "residents" of Louisiana, but remain Louisiana "domiciliaries." (Petition, ¶ 1). Furthermore, in their motion to remand, they confusingly stated that, although they consider themselves to be Louisiana domiciliaries, they have a fixed residence in Texas, where they intend to remain indefinitely. (M/Remand, pg. 7.). They also no longer maintain a residence in Louisiana. *Id*.

As noted by Price, the Blocks previously filed suit in this court against RTR and Capital One NA for alleged violations of the FCRA and the FDCPA. *See Block v. Real Time Resolutions, Inc., et al.*, Civ. Action No. 20-1592 (W.D. La.). In that suit, the Blocks alleged that they were "residents of and domiciliaries of the Parish of Ouachita, State of Louisiana at the time of engaging in the transaction which formed the basis of the debt sought to be collected by Defendant . . .", i.e., between 2003-2005. (Compl., ¶ 4). However, Price overlooked the fact that the Blocks further alleged that in January 2014, they ceased being residents and domiciliaries of Louisiana when they moved to Austin, Travis County, Texas. *Id*., ¶ 7. They also added that they "were not and have not been residents of and domiciliaries of the State of Louisiana since that date." *Id*.[5]

In support of remand, the Blocks submitted evidence showing that they have Texas driver's licenses that were issued in March 2020 and February 2021, that they registered to vote in Williamson County, Texas, on January 1, 2022, and that their vehicle has been registered in

---

[5] The Blocks made all but identical allegations of citizenship in a related suit they filed against Equifax. *See Block v. Equifax Information Services, L.L.C.*, Civ. Action No. 21-0393 (W.D. La.).

7

Texas since at least July 22, 2022. (M/Remand, Exhs. [doc. # 13]).

Needless to say, the Blocks have been less than consistent in their several lawsuits about where they are domiciled. However, a party cannot waive the lack of subject matter jurisdiction or be estopped from raising it. *Coury*, 85 F.3d at 249 (citations omitted). While the Blocks say that they consider themselves to be Louisiana domiciliaries, they nonetheless have established residency in Texas, where they also claim an intent to remain indefinitely.

"A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251 (citations omitted). Here, the evidence adduced by the Blocks supports a finding that they are Texas domiciliaries. Price has not provided any evidence to the contrary.

In sum, Price has failed to meet her burden to establish diversity of citizenship between Plaintiffs and Defendant, RTR.[6] Accordingly, the court lacks diversity jurisdiction.

## II.   Federal Question

Federal question jurisdiction confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff alleged (1) a federal claim; (2) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; (3) a state law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive

---

[6] Given this circumstance, the court need not consider Price's domicile or whether the amount in controversy requirement is satisfied.

relief from state regulation on the basis that such regulation is preempted by a federal statute. *Marren v. Stout*, Civ. Action No. 12-0631, 2013 WL 1117539, *3 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

In her memoranda, Price stresses that the Petition includes allegations that RTR violated the FDCPA and the FCRA and then retaliated against the Blocks by issuing a Form 1099-C for their having filed a prior suit against RTR under the FDCPA and the FCRA. However, the Petition unequivocally states that it is an action for violation of the LUTPA and seeks damages thereunder. (Petition, ¶¶ 4, 67). The Petition itemized four occasions of unfair or deceptive practices, only two of which rely on conduct that purportedly transgresses the FDCPA and the FCRA, whereas a third instance sets forth a retaliation claim for the prior exercise of rights under the FDCPA and the FCRA.

As an initial matter, the Blocks have no cognizable claims under the FDCPA and FCRA against RTR associated with the collection and reporting of the subject debt(s) because this court already has resolved this issue against them and in favor of RTR. *See Block v. Real Time Resolutions, Inc., et al.*, Civ. Action No. 20-1592 (W.D. La.). Furthermore, Price has not identified any cognizable retaliation claim under federal law from the facts alleged, nor do the Blocks assert any such standalone claim.

In short, a review of the well-pleaded complaint confirms that the references to federal law were included only to support the state law claims. *See Sw. Mississippi Anesthesia, P.A., Inc. v. C&G Techs., Inc.*, Civ. Action No. 08-0483, 2009 WL 1916395, at *6 (M.D. La. June 29, 2009); *Beard v. Aurora Loan Servs., LLC*, Civ. Action No. 06-0142, 2006 WL 1350286, at *3

9

(S.D. Tex. May 17, 2006) (mere fact that the Real Estate Settlement Practices Act, Home Owners Loan Act, Fair Debt Collection Practices Act, and Truth–in–Lending Act may govern some of the conduct of which plaintiff complains is not alone sufficient to confer federal jurisdiction). In fact, it is likely that the Blocks are endeavoring to circumvent the effect of this court's prior ruling on their FDCPA and FCRA claims by repackaging them into a LUTPA claim. While the Blocks may attempt to do so, they likely will be met by an exception of *res judicata*. However, the Supreme Court has made it clear that "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings . . ." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478; 118 S.Ct. 921, 926 (1998).

The court further recognizes that a cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, the Supreme Court observed that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235 (1983).

While seemingly conclusive, the Supreme Court later explained that "*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as

evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 318, 125 S.Ct. 2363, 2370 (2005). Instead, the Court restated the inquiry as, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 125 S.Ct. 2363, 2368 (2005) ("*Grable*"). Importantly, it "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

In the aftermath of *Grable*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). "Where **all four** of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S. 251, 258; 133 S.Ct. 1059, 1065 (2013) (citation and internal quotation marks omitted) (emphasis added).

Fewer than all four of the *Grable* requirements are present here. This court already has resolved the FDCPA and FCRA issues via the Blocks' prior case. Accordingly, it will not be

11

necessary to re-resolve these same federal issues, which, because they were resolved previously, do not present substantial issues in this case. Moreover, the Blocks do not necessarily have to rely on the alleged FDCPA and FCRA violations because they allege a separate instance of an unfair practice by RTR and Price related to the filing of RTR's intervention.[7]

In sum, the court finds that the Blocks' claim(s) does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.

## II.     Motion to Dismiss

In the absence of subject matter jurisdiction, the court cannot reach Price's Rule 12(b)(6) motion. Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007) (citation and internal quotation marks omitted).

## Conclusion

For the reasons detailed above, the undersigned finds that the court lacks federal subject matter jurisdiction. Consequently, remand is required. 28 U.S.C. § 1447(c). Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 13] filed by Plaintiffs Albert Block, Jr. and Claudia Block be GRANTED, and that this matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.

---

[7] Albeit, that basis of relief may be curtailed in the wake of the court of appeals' decision holding that the Blocks' default judgment was an absolute nullity. *See Block v. Capital One, N.A.*, 345 So.3d 1178, 1184 (La. App. 2d Cir.), *writ denied,* 349 So.3d 1005 (La. Nov. 16, 2022). Moreover, the Blocks should take care that this claim does not run afoul of Louisiana Code of Civil Procedure Article 971.

28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 20] filed by Defendant, Elizabeth Crowell Price, be DENIED, without prejudice to Defendant's right to re-file the substance of the motion following remand, as warranted, in accordance with Louisiana procedural law and devices.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

In Chambers, at Monroe, Louisiana, on this 20th day of January, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

13